IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-839-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Richard Brown, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

In September 2011 Petitioner was charged in a multi-count indictment with aggravated sexual assault of a child and indecency with a child by contact in the Criminal District Court Number Three of Tarrant County, Texas. Admin. R., SH2 93-94, ECF No. 12-2. The indictment also included a habitual-offender notice alleging two prior Tarrant County felony convictions in cause numbers 0800070A and 0744694D. *Id.* On June 20, 2012, Petitioner's trial commenced, however, after a jury had been selected and sworn, Petitioner decided to waive his right to a jury trial and plead guilty to one count of indecency with a child. In exchange, the state agreed to waive the remaining counts and the habitual count, so long as Petitioner pleaded true to the prior felony conviction in cause

number 0800070A, and recommend an 11-year sentence. *Id.* at 96. Petitioner signed the written admonishments concerning his rights, waivers and the consequences of his guilty plea, including the fact that he faced the range of imprisonment for a "second degree felony enhanced" of 5 to 99 years, and the trial court sentenced him according to the plea agreement. *Id.* 96-106. Having waived his right to appeal, Petitioner did not directly appeal his conviction or sentence. Pet. 3, ECF No. 1. On May 14, 2014, Petitioner filed a state habeas application challenging his conviction and sentence, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.[1] Admin. R., SH1, ECF No. 12-1. This federal petition for habeas relief challenging his conviction and sentence was filed on October 10, 2014.[2] Pet. 10, ECF No. 1.

Petitioner raises six grounds for relief, wherein he claims his plea was coerced and he is actually innocent of the offense (grounds one and three); he received ineffective assistance of trial counsel (ground three); the indictment was defective (ground four); there is no evidence to support his conviction (ground five); and the trial court abused its discretion by accepting his plea agreement when there was no evidence of his guilt (ground six). Pet. at 6-7, ECF No. 1; Pet'r's Mem. 4-24, ECF No. 2. Respondent asserts the petition is time-barred under the federal statute of limitations.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[1] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on October 10, 2014; thus, the Court deems the application filed on that date.

[2] Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>    (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In an apparent attempt to trigger subsection (B) or (D), Petitioner asserts that his efforts to seek postconviction relief were "impeded" by the state's failure to provide him with copies of the state court records and that he obtained "new evidence"–*i.e.,* a copy of the trial court's judgment of conviction–after his state habeas proceeding reflecting that he was convicted of indecency with a child, which is a third-degree felony carrying a range of imprisonment of 2 to 10 years. Pet'r's Rebuttal 1-3, ECF No. 15. These arguments are unpersuasive. Petitioner cannot establish a connection between the denial of free state-court records and transcripts and his ability to file this federal petition. There is no requirement under either state or federal law that a habeas petitioner file the state-court record in a habeas corpus proceeding nor does a prisoner have a constitutional

right to free copies of records or transcripts for the purpose of preparing a collateral attack on his conviction or sentence. Furthermore, the trial court's judgment is not "new evidence." Petitioner pleaded true to a prior felony conviction in cause number 0800070A as part of the plea agreement. With one prior felony conviction, petitioner became classified as a repeat offender, and the range of punishment was increased from that applicable for a third-degree felony to punishment applicable for a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014). As a repeat offender with one prior felony, the range of imprisonment Petitioner then faced was 2 to 20 years. *Id.* § 12.42(a) (3). Petitioner only received 11 years' confinement upon his guilty plea, which was within the statutory guidelines. Contrary to Petitioner's contention, the sentence did not exceed the maximum punishment allowed by law.

Because Petitioner fails to invoke subsections (B) or (D) or to raise a claim of newly recognized rights under subsection (C), the general provision under subsection (A) applies to his case. Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on July 20, 2012, and closed one year later on Monday, July 22, 2013, absent any applicable tolling.[3] TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application, filed on May 14, 2014, after limitations had already expired, did not operate to toll the limitations period under the statutory provision. 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner alleged or

---

[3]July 20, 2013, was a Saturday.

4

demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013) (referencing 28 U .S.C. § 2244(d)(1)); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner concedes that his petition is untimely but urges that his untimeliness is due to his indigent and *pro se* status and difficulty obtaining records and to his trial counsel's failure to respond to his request for certain documents. Pet'r's Rebuttal 1-3, ECF No. 15; Pet'r's Mem. of Law, Ex. 6, ECF No. 2.  It is well settled, however, that a petitioner's *pro se* status, indigence, lack of knowledge of the law, and difficulty obtaining records, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period. *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999).  Moreover, Petitioner's claim that counsel did not respond to his request is conclusory, and, even if Petitioner could show that counsel ignored his request, the letter is dated August 13, 2014, well after the one-year limitations period had already expired.

Finally, a petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner argues that, despite his guilty plea, he is actually innocent of the offense

5

because there is no evidence corroborating his plea. Although actual innocence, if proved, can overcome the statute of limitations, Petitioner waived his claim by entering a voluntary and knowing guilty plea to the offense.[4] *McQuiggin,* 133 S. Ct. at 1928. *See also United States v. Vanchaik-Molinar,* 195 Fed. Appx. 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). As a matter of federal constitutional law, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir. 1986).

In summary, Petitioner's federal petition was due on or before July 22, 2013. Therefore, his petition filed on February 18, 2014, was filed beyond the limitations period and is untimely.

## III. CONCLUSION

For the reasons discussed herein, the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed herein, a certificate of appealability is DENIED. All motions not previously ruled upon are DENIED.

**SO ORDERED** on this 28th day of July, 2015.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[4]In Petitioner's state habeas application, the state court determined that Petitioner's guilty plea was knowingly, freely and voluntarily made. Admin. R., SH2 84, ECF No. 12-2. Absent clear and convincing evidence in rebuttal, this Court must defer to the state court's findings in this regard. 28 U.S.C. § 2254(e)(1).